IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRENCE A WADDELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:17-cv-00146-CAR-CHW |
| VS. | : | |
| | : | |
| Warden GREGORY MCLAUGHLIN, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Terrence A Waddell, an inmate confined at Pulaski State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis was granted on April 20, 2017, (ECF No. 5) and Plaintiff has filed a recast complaint as directed in that order. As discussed below Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

   **I. Motion to Proceed *In Forma Pauperis***

Although Plaintiff is allowed to proceed in forma pauperis in this action, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that

1

withdrawals from his account may commence as payment towards the filing fee.

    A.  <u>Directions to Plaintiff's Custodian</u>

It is hereby **ORDERED** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 ($337.33 remains to be collected) filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    B.  <u>Plaintiff's Obligations Upon Release</u>

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff

is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

To state a viable claim, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it

3

rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions" or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

**B. Plaintiff's Claims**

The present action arises out of Plaintiff's confinement at Macon State Prison. Plaintiff's initial filing complained of "five use of force tactics all of which bore levels of inconsistency with protocols of emergency." ECF No. 1 at 5. Plaintiff did not describe the circumstances regarding any of the five uses of force, but stated that he wrote several grievances about the encounters. *Id*. He requested as relief additional access to the commissary and a phone call preceding each "store call" so he could secure adequate funds. *Id*. at 6.

On April 20, 2017, Plaintiff was ordered to recast his complaint to provide additional details concerning the use of force incidents of which Plaintiff complained. ECF No. 5. Plaintiff responded on May 30, 2017, stating that his intention was "not to file

4

charges against the surrogate warden under U.S.C. 1983" to obtain monentary compensation or punitive damages, but to gain the "resolutions requested." ECF No. 6 at 2. He further stated that "[t]his motion is to ask 'does Warden Gregory McLaughlin exist." ECF No 6-1 at 1. Plaintiff also provided additional factual details concerning several of the use of force incidents. The most detailed example is an incident in which Plaintiff was twice sprayed with pepper spray by Officer Pope and placed in his cell for approximately an hour and half without medical attention. *Id*. at 3-4. Officer Pope allegedly stated that he deployed pepper spray on accident. On another occasion, Plaintiff states the use of force could have been avoided had the officer simply agreed to go check on Plaintiff's missing commissary. *Id*. at 5. Plaintiff, however, does not assert excessive force claims against individual officers, rather his complaint concerns whether the use of force complied with prison policy.

     *i.*     *Violation of Prison Regulations*

To state a claim for relief under Section 1983, a plaintiff must allege that he "suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." *Wideman v. Shallowford Comm. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (citations omitted). Here, Plaintiff seeks to hold Defendant McLaughlin liable for not taking corrective action and insuring that his subordinates followed the proper protocol before and after deploying pepper spray. Plaintiff asserts officers violated regulations by, among other things, failing to identify the

5

reason for the use of force, failing to obtain prior authorization to use pepper spray, and failing to accurately fill out paperwork.  None of these "violations" implicate constitutional standards.  Moreover, the mere failure to follow prison's procedure or policy, without more, does not equate to a constitutional violation.  *See e.g. Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000); *see also Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996).  Plaintiff has, therefore, failed to state a claim to the extent that he complains of policy violations alone.

    ii. *Eighth Amendment Claims*

Although Plaintiff does not directly raise an Eighth Amendment claim, out of an abundance of caution and because Plaintiff's factual allegations could be read as implicating Eighth Amendment excessive force or deliberate indifference to medical need claims, the Court deems it necessary to address them.  As stated above, Plaintiff's recast complaint contains additional factual allegations implicating several officers in the use of force. Plaintiff's initial and recast complaint, however, are completely devoid of factual allegations connecting Defendant McLaughlin to an Eighth Amendment violation.

"It is well established in this Circuit that supervisory officials are not liable under [Section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)).  "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions

of a supervising official and the alleged constitutional deprivation." *Id*. (citations omitted). A causal connection may be established when:

> 1) a 'history of widespread abuse' puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing *Cottone*, 326 F.3d at 1360). "[T]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Rawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Plaintiff does not allege that Defendant McLaughlin directed the officers to use force against Plaintiff, personally participated in the use of force, or had a custom or policy resulting in the unlawful use of force. Therefore, in order to state a claim Plaintiff must plausibly allege some other causal link between Defendant McLaughlin's actions and the alleged constitutional violation. Plaintiff may establish such a link if his allegations show that Defendant McLaughlin was aware that the conduct of his subordinates was likely to lead to a constitutional violation, and Defendant McLaughlin's failure to act constituted deliberate indifference.

Plaintiff alleges that he complained about five policy violations to McLaughlin. While some of these policy violations may have included facts that also amount to a constitutional deprivation, Plaintiff does not claim that they do and does not assert that he

7

made Defendant McLaughlin aware of any such facts. Instead, Plaintiff states he spoke to McLaughlin about "qualms" and "gripes." He describes his "qualms" and "gripes" mostly as what amounts to minor procedural irregularities in the use of force. According to Plaintiff, he also complained to Defendant McLaughlin that prison officials did "not know[] the rules" and that Plaintiff was not receiving "supplies." ECF No. 6 at 3. Plaintiff does not allege, however, that Defendant McLaughlin was subjectively aware that prison guards would use excessive force against Plaintiff, and his vague and disjointed claims of policy violation do not support such an inference. Plaintiff's allegations also do not support a plausible inference showing a "flagrant, persistent pattern of violations necessary to show" deliberate indifference on the part of Defendant McLaughlin. *See Goebert v. Lee County*, 510 F.3d 1312, 1332 (11th Cir. 2007). Thus, while Plaintiff's complaint could be liberally construed as implicating an Eighth Amendment claims, Plaintiff has failed to causally link any Eighth Amendment violation to Defendant McLaughlin—the only Defendant named in this action.

## II. CONCLUSION

Pursuant to the above, Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 3rd day of October, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT